**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

YULE HOBSON,                                  )
                                             )
              Plaintiff,                      )
                                             )
       v.                                     )        No. 4:26-cv-01018-SRW
                                             )
KARIN SCHUTE,                                 )
                                             )
              Defendant.                      )

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file.  On July 7, 2026, after denying self-represented Plaintiff Yule Hobson's motion to proceed without prepaying fees and costs, the Court ordered Plaintiff to either pay the $405 filing fee or submit a complete motion to proceed *in forma pauperis*.  ECF No. 4.  The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of his case without further notice.  *Id.* at 3.  Plaintiff's response was due by July 21, 2026.

To date, Plaintiff has neither responded to the Court's Order nor sought additional time to do so.  Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis."  E.D. Mo. L.R. 2.01(B)(1).  Plaintiff has not paid the filing fee or submitted a motion to proceed without prepayment.  Plaintiff was given meaningful notice of what was expected, cautioned that his case would be dismissed if he failed to timely comply, and granted ample time to comply.  The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's July 7, 2026, Order and his failure to prosecute his case.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)

(stating the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of July, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

2